IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **DANNIE LEE JETER,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION V-08-20** |
| | § | |
| **NATHANIEL QUARTERMAN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| **Respondent.** | § | |

## MEMORANDUM OPINION AND ORDER

Dannie Lee Jeter ("Petitioner"), an inmate of the Texas Department of Criminal

Justice-Correctional Institutions Division, has filed a Petition for a Writ of Habeas Corpus under 28

U.S.C. § 2254. Dkt. No. 1. Respondent has filed a Motion for Summary Judgment. Dkt. No. 8.

Having considered the motion, record, and relevant law, the Court finds that Petitioner's habeas

petition should be DISMISSED as time-barred.

## Background

Petitioner pled guilty to aggravated robbery on an elderly person on September 10, 2002.

Clerk's Record at 87-88. Petitioner was placed on deferred adjudication community supervision.

*Id.* at 88. Petitioner's guilt was adjudicated on January 4, 2005, at which point he was sentenced to

forty years in prison. *Id.* at 87. Petitioner then appealed, and the Thirteenth District Court of

Appeals affirmed the judgment. *Jeter v. Texas*, No. 13-05-069-CR, 2006 WL 2327696 (Tex. App.

Aug. 10, 2006). Petitioner then filed two state habeas petitions, each of which were denied.

Finally, Petitioner indicates that he placed the instant petition in the prison mail on March

10, 2008.  Dkt. No. 1 at 14.

## Claim

Petitioner claims that he was denied due process rights at the time he pled guilty and was

placed on deferred adjudication through his counsel's misrepresentations.  Petitioner thus claims that

his plea of guilty was invalid.

## Statute of Limitations

The limitations period on applications for habeas corpus relief is as follows:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.

## Analysis

The Court must first determine when the judgment against Petitioner became final.  In

*Caldwell v. Dretke*, 429 F.3d 521 (5th Cir. 2005), the Fifth Circuit held that when a defendant is

placed on deferred adjudication, a judgment has been entered for the purposes of 28 U.S.C. § 2244.

Further, under Texas law, "a defendant placed on deferred adjudication community supervision may

raise issues relating to the original plea proceeding, such as evidentiary sufficiency, only in appeals

taken when deferred adjudication community supervision is first imposed." *Manuel v. Texas*, 994

S.W.2d 658, 661 (Tex. Crim. App. 1999).  Thus, Petitioner had thirty days from the order imposing

deferred adjudication to take an appeal regarding any issues surrounding that proceeding.  *See* TEX.

R. APP. P. 26.2(a)(1).  Petitioner, then, had thirty days from September 10, 2002, to file an appeal,

or until October 10, 2002.  Because he did not file an appeal in that time, the judgment became final

on that day, so Petitioner had until October 10, 2003 to file his federal habeas petition.  Petitioner

did not take any action that might toll the limitations period until years after that date, so the instant

petition is clearly time-barred.

### Certificate of Appealability

A certificate of appealability may be issued only if Petitioner makes "a substantial showing

of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2).  To make such a showing,

Petitioner must demonstrate that reasonable jurists could disagree on the issues at bar, that a court

could resolve the issues in a different manner, or that the questions are adequate to deserve

encouragement to proceed further. *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir.1998).  For the

reasons stated in this Order, Petitioner has not made a substantial showing of the denial of a

constitutional right or that reasonable jurists would find the Court's rulings to be debatable.

Therefore, the Court denies the issuance of a certificate of appealability in this action.

### Conclusion

For the foregoing reasons, Petitioner's petition must be DISMISSED.  The Court DENIES

Petitioner a Certificate of Appealability.

It is so ORDERED.

SIGNED this 9th day of January, 2009.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE